United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT TUCK, et al.,

Plaintiffs,

v.

WELLS FARGO HOME MORTGAGE, et al.,

Defendants.

_____________________________________/

No. C-12-01796 DMR

**ORDER OF DISMISSAL**

Before the court is Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss Complaint, in which Defendant NDeX West, LLC joins. Doc. nos. 6, 10. The court held a hearing on the motion to dismiss on July 12, 2012, at which counsel for Defendant Wells Fargo and Defendant NDeX West, LLC appeared. Plaintiffs did not appear at the hearing. The courtroom deputy telephoned Plaintiffs' counsel, who indicated that he did not intend to make an appearance because he planned to file a voluntary dismissal of the action without prejudice, but had not yet done so.

The court noted on the record that Plaintiffs' counsel indicated his intent to dismiss the action without prejudice. Wells Fargo objected to dismissal without prejudice, contending that the action should be dismissed with prejudice because all the claims were preempted by federal law, as argued in its motion to dismiss. The court overruled this objection on the ground that it determined that not all of the claims were necessarily preempted, as more fully set forth below.

After the court concluded the hearing, Plaintiffs filed a notice of dismissal of the entire action without prejudice without seeking a court order. Doc. no. 22. Because Defendant NDeX

West has filed an answer to the complaint, doc. no. 9, Plaintiffs may not voluntarily dismiss the action by filing a notice of dismissal pursuant to FRCP 41(a)(1)(A)(i). *See Concha v. London*, 62 F.3d 1493, 1506 (9th Cir. 1995); *Hamilton v. Shearson-Lehman American Exp., Inc.*, 813 F.2d 1532, 1534 (9th Cir. 1987). The court therefore construes Plaintiffs' notice of dismissal as a request for an order of dismissal "on terms that the court considers proper" pursuant to FRCP 41(a)(2). Having reviewed the parties' briefing and the relevant legal authority, the court determines that the matter is suitable for decision without oral argument. The court hereby rules in part on the pending motion to dismiss, rather than dismissing the entire action without prejudice.

For the reasons set forth below, the court DISMISSES WITH PREJUDICE the following causes of action as preempted by the Home Owners' Loan Act of 1933 ("HOLA"), 12 U.S.C. § 1461 *et seq.*: 1) violation of California Civil Code § 2923.5; 2) violation of California Civil Code § 2924 *et seq.*; 3) negligent misrepresentation; 4) negligence; 5) breach of contract and breach of the covenant of good faith and fair dealing; and 6) promissory estoppel. The court determines that the remaining causes of action are not necessarily preempted by HOLA: 7) intentional infliction of emotional distress; 8) fraud within the meaning of California Civil Code § 3294(c)(3); 9) unlawful, unfair and fraudulent business practices in violation of California Business & Professions Code § 17200 *et seq.*; and 10) elder financial abuse in violation of California Welfare and Institutions Code § 15610 *et seq.*

## I. BACKGROUND

On or about June 6, 2007, Plaintiffs Robert Tuck and Patricia Berkowitz refinanced their home and executed a promissory note for $536,000 in favor of World Savings Bank, FSB , which was secured by a deed of trust on real property located at 6349 Greenridge Court, Martinez, California ("the property"). Compl. ¶ 6; Request for Judicial Notice[1] ("RJN"), Ex. A. In November 2007, World Savings Bank, FSB became Wachovia Mortgage, FSB ("Wachovia"). RJN, Ex. C. In

[1] The court grants Wells Fargo's unopposed Request for Judicial Notice. Doc. no. 6-1. *See* Fed. R. Evid. 201.

November 2009, Wachovia merged into Wells Fargo Bank, N.A. ("Wells Fargo"). RJN, Ex. D. Wells Fargo is current holder of Plaintiffs' note. Compl. ¶ 2.

Plaintiffs made their last monthly mortgage payment in January 2010 in the amount of $2,719.76. Compl. ¶ 12. In February 2010, Plaintiffs applied for a loan modification from Wachovia. Compl. ¶ 13. In July 2010, Plaintiffs received a phone call from Wachovia informing them that they had received a loan modification with a new monthly payment of $3,766.13. Compl. ¶ 14. The Wachovia agent or representative informed Plaintiffs that if they did not pay their new monthly loan, Wachovia would foreclose on the property. Compl. ¶ 16. Plaintiffs informed Wachovia that they could not afford the increased payment, and were told that if they did not accept the loan modification, no other assistance would be given to Plaintiffs. Compl. ¶¶ 15-17. Fearing the loss of their home of over thirty years, Plaintiffs allege they were compelled to make the monthly payment of $3,766.13. Compl. ¶ 18. Plaintiffs Tuck and Berkowitz, then aged 82 and 65, respectively, made two payments before the monthly payment was further increased to $3,799.84. Compl. ¶¶ 18, 19. Plaintiffs made their last loan payment on September 27, 2011. Compl. ¶ 19.

Around December 1, 2011, Plaintiffs received notice that Wells Fargo Home Mortgage had taken over Wachovia Mortgage. Compl. ¶ 20. Around December 9, 2011, Plaintiffs received notice in the mail that a Notice of Default was recorded against the property. Compl. ¶ 21. As of December 7, 2011, the amount due under the note was $21,113.60. RJN, Ex. B. The Notice of Default included a declaration by Jim Toney, an officer of Wells Fargo, stating that Wells Fargo "has contacted the borrower as set forth in California Civil Code Section 2923.5(a)(2)," but Plaintiffs allege that they had never spoken to Jim Toney or heard of him before the Notice of Default was recorded. Compl. ¶ 23.

In March 2012, Plaintiffs received a Notice of Trustee's Sale, recorded on March 7, 2012. Compl. ¶ 24; RJN, Ex. F.

Plaintiffs filed a complaint for damages and equitable relief in the Superior Court for Contra Costa County on March 29, 2012. Wells Fargo removed the action on April 11, 2012, and filed the instant motion to dismiss on April 20, 2012. Doc. no. 6. NDeX West, LLC joins in Wells Fargo's motion to dismiss. Doc. no. 10.

United States District Court
For the Northern District of California

**II. LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case "only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citation and quotation marks omitted). When a complaint presents a cognizable legal theory, the court may grant the motion if the complaint lacks "sufficient factual matter to state a facially plausible claim to relief." *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009)). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citation omitted).

"[A] court may take judicial notice of 'matters of public record,'" *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), *overruled on other grounds by Galbraith v. County of Santa Clara,* 307 F.3d 1119, 1125-26 (9th Cir. 2002), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading" without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith*, 307 F.3d at 1126. "The district court will not accept as true pleading allegations that are contradicted by facts that can be judicially noticed or by other allegations or exhibits attached to or incorporated in the pleading." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1363 (3d ed. 2004).

**III. DISCUSSION**

Plaintiffs' complaint contains ten causes of action: 1) violation of California Civil Code § 2923.5; 2) violation of California Civil Code § 2924 *et seq.*; 3) negligent misrepresentation; 4) negligence; 5) breach of contract and breach of the covenant of good faith and fair dealing; 6)

United States District Court
For the Northern District of California

promissory estoppel; 7) intentional infliction of emotional distress; 8) fraud within the meaning of California Civil Code § 3294(c)(3); 9) unlawful, unfair and fraudulent business practices in violation of California Business & Professions Code § 17200 *et seq*.; and 10) elder financial abuse in violation of California Welfare and Institutions Code § 15610 *et seq*. Wells Fargo moves to dismiss the claims pursuant to FRCP 12(b)(6) on the grounds of preemption and failure to state a claim upon which relief can be granted, and FRCP 9(b) for failure to allege fraud with particularity. The court holds that the first through sixth causes of action are preempted and therefore dismissed with prejudice. The court declines to reach the sufficiency of the allegations of the seventh through tenth causes of action and dismisses those claims without prejudice pursuant to Plaintiffs' voluntary dismissal.

**A. Preemption**

Wells Fargo contends that all of Plaintiffs' claims attack the lending activities of federally chartered loan associations and are therefore preempted by the Home Owners' Loan Act of 1933 ("HOLA"), 12 U.S.C. § 1461 *et seq*. Plaintiffs concede that their first two causes of action under Civil Code sections 2923.5 and 2924 would likely be held preempted, but contend that the other eight causes of action are not preempted by HOLA. Doc. no. 19 at 5.

HOLA provides the Office of Thrift Supervision ("OTS") with broad authority to issue regulations governing federally chartered savings associations. *Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1004-05 (9th Cir. 2008). Because Wells Fargo's predecessor, World Savings Bank, was a federally chartered savings bank regulated by the OTS under HOLA at the time of Plaintiffs' loan origination, HOLA governs the preemption analysis here. *See Haggarty v. Wells Fargo Bank, N.A.*, 2011 WL 445183, at *4 (N.D. Cal. Feb. 2, 2011) ("'Where a national association, such as Defendant, acquires the loan of a federal savings bank, it is proper to apply preemption under HOLA.'") (quoting *Guerrero v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 96261, at *8 (C.D. Cal. Sept. 14, 2010)).

A preemption analysis under HOLA first requires a court to determine whether the law at issue is identified in 12 C.F.R. § 560.2(b), which provides a nonexclusive list of the types of state laws preempted by HOLA. *See Silvas*, 514 F.3d at 1005. Among the laws specifically preempted

United States District Court
For the Northern District of California

by HOLA are those affecting "terms of credit, including amortization of loans and the deferral and capitalization of interest and adjustments to the interest rate, balance, payments due, or term to maturity of the loan;" "[d]isclosure and advertising, including laws requiring specific statements, information, or other content to be included in credit application forms, credit solicitations, billing statements, credit contracts, or other credit-related documents and laws requiring creditors to supply copies of credit reports to borrowers or applicants;" and "[p]rocessing, origination, servicing, sale or purchase of, or investment or participation in, mortgages." 12 C.F.R. § 560.2(b)(4), (9) and (10).

If the state law at issue falls into one of the enumerated categories, then it is preempted by HOLA. *Silvas*, 514 F.3d at 1005. If it does not fall into one of the enumerated categories but affects lending, a presumption of preemption arises that is reversed only "if the law can clearly be shown to fit within the confines of paragraph (c) [of section 560.2]." *Id.* Section 560.2(c) excepts from preemption "[s]tate laws . . . that . . . only incidentally affect the lending operations of Federal savings associations or are otherwise consistent with the purposes of paragraph (a)." 12 C.F.R. § 560.2(c).

Plaintiffs' first cause of action alleges that Wells Fargo improperly recorded the notice of default because it failed to comply with requirements of § 2923.5, including the requirements under § 2923.5(a) to contact the borrower to explore options to avoid foreclosure and the due diligence requirements of § 2923.5(b) and (g). Plaintiffs' second cause of action for wrongful foreclosure alleges that Wells Fargo violated disclosure requirements under § 2924. These claims challenging alleged defects in the foreclosure process by Wells Fargo affect disclosure and "processing, origination, servicing, sale or purchase" of a mortgage and are specifically preempted by HOLA. 12 C.F.R. § 560.2(b) (9) and (10). *See Sami v. Wells Fargo Bank*, 2012 WL 967051, *8 (N.D. Cal. March 21, 2012).

With respect to their remaining claims, Plaintiffs contend that they do not challenge loan servicing and origination practices or other categories preempted by HOLA. Rather, they allege that Wells Fargo forced Plaintiffs to accept a loan modification knowing that the elderly Plaintiffs could not afford the modification and that Wells Fargo breached contractual duties under the federal Home Affordable Mortgage Program (HAMP). Doc. no. 19 at 6-7. Courts have recognized that "even

claims premised upon state laws of general applicability, such as fraud or deceit, may be preempted if the state law, as applied, is a type of law contemplated by 12 C.F.R. § 560.2(b)," such as allegations of inadequate disclosures of fees, interest rates, or other loan terms, or inadequate notice of various rights and procedures during the foreclosure process. *DeLeon v. Wells Fargo Bank, N.A.*, 2011 WL 311376, *6 (N.D. Cal. Jan. 28, 2011). By contrast, courts typically have found that claims relying on the general duty not to misrepresent material facts, when application of the law does not regulate lending activity, are not preempted. *Id*. Thus, claims alleging affirmative, material misrepresentations, as opposed to inadequate disclosures of loan terms, are not subject to preemption. *Id*. The court must therefore determine which of Plaintiffs' state law claims are preempted and whether any claims only "incidentally affect the lending operations" so as to fit within the confines of 12 C.F.R. § 560.2(c), which must be interpreted narrowly. *Silvas*, 514 F.3d at 1005 ("Any doubt should be resolved in favor of preemption.").

Plaintiffs' third cause of action for negligent misrepresentation alleges that Wells Fargo, and its predecessors, breached the duty of reasonable care owed to Plaintiffs by telling them that their only alternative to loan modification was foreclosure, thereby inducing them to make higher loan payments pursuant to a loan modification out of fear of losing their home. Plaintiffs clarify that they seek "relief from behavior relating to forcing reluctant borrowers to agree to a modification whose terms, interest rates and due dates are unambiguous," and challenge Wells Fargo's behavior "in forcing plaintiffs to accept a modification plaintiffs expressly stated they could not afford." Doc. no. 19 at 5. Such a claim would impose a duty on lenders to borrowers in the lending process. It would also directly challenge the terms of credit, lender's disclosures to borrowers and the lender's mortgage servicing practices. This claim is therefore preempted by HOLA. 12 C.F.R. § 560.2(b)(4), (9) and (10).

Similarly, HOLA preempts Plaintiffs' fourth cause of action for negligence, which alleges that Wells Fargo "owed Plaintiffs a duty of honesty in all matters relating to obtaining a loan modification or refinancing of the mortgage." Compl. ¶ 70. Because Plaintiffs' claims for negligent misrepresentation and for negligence would impose substantive duties on the lender to provide disclosures, or otherwise regulate the terms of credit or the processing or servicing of

mortgage loans, the claims are preempted by HOLA. 12 C.F.R. § 560.2(b)(4), (9) and (10). *See DeLeon*, 2011 WL 311376 at *9.

Plaintiffs' fifth claim for breach of contract and breach of the covenant of good faith and fair dealing alleges that Wells Fargo breached its alleged contractual obligations to offer a "reasonable loan modification" by proposing terms that Wells Fargo knew, or should have known, Plaintiffs could not afford. Compl. ¶ 84. Plaintiffs' sixth claim for promissory estoppel alleges that Plaintiffs were approved for a loan modification that they could not afford, and that they reasonably relied on Wells Fargo's representations that if Plaintiffs accepted the loan modification, it would not foreclose on their home. Compl. ¶ 96. The promissory estoppel claim also alleges violations of section 2923.5 and 2924 as the wrongful acts in support of that claim. Compl. ¶ 101. Because these claims would impose disclosure requirements or challenge loan origination and servicing practices, they are preempted by HOLA. 12 C.F.R. § 560.2(b)(9) and (10).

Plaintiffs' seventh cause of action alleges intentional infliction of emotional distress for the shock and distress upon learning that Wachovia granted a loan modification that increased their monthly payment by over $1,000. Compl. ¶ 110. Plaintiffs' eighth cause of action for fraud alleges that Wells Fargo induced Plaintiffs to accept the loan modification, despite being told that Plaintiffs could not afford the higher monthly payments, by directing Plaintiffs "take it or leave it" at risk of foreclosure. Compl. ¶¶ 127, 128. Plaintiffs' tenth claim for elder financial abuse alleges that Wells Fargo induced Plaintiffs to enter into a loan modification against their best interests and forced Plaintiffs to make higher loan payments by using the threat of foreclosure. Compl. ¶ 149. Because these claims do not necessarily challenge improprieties in the foreclosure process or otherwise challenge loan disclosures, interest rates or other factor that directly affects lending, but may arise from a more "general duty not to misrepresent material facts," these claims are not clearly preempted by HOLA. *See Ahmed v. Wells Fargo Bank*, 2011 WL 1751415, *4; 2011 U.S. Dist. LEXIS 49526 (N.D. Cal. May 9, 2011) (claims for fraud and intentional infliction of emotional distress were not preempted). For this reason, they should not be dismissed with prejudice.

Turning to the ninth claim for relief under § 17200, Plaintiffs allege that Defendants misled Plaintiffs by filing the notice of default without complying with the nonjudicial foreclosure statutes. Compl. ¶ 137. This claim is preempted by HOLA only to the extent that these allegations relate to alleged deficiencies in the foreclosure process, beyond incidental effect on lending operations. *See Ahmed*, 2011 WL 1751415 at *3 (unfair business practice claim based on actions in foreclosing the loan was preempted); *DeLeon*, 2011 WL 311376 at *6. Therefore, the UCL claim for unlawful or fraudulent business practices may survive preemption.

**B. Dismissal of Claims**

Having determined that the first six causes of action are preempted by HOLA, the court grants in part Wells Fargo's motion to dismiss and dismisses the following claims with prejudice: 1) violation of California Civil Code § 2923.5; 2) violation of California Civil Code § 2924 *et seq.*; 3) negligent misrepresentation; 4) negligence; 5) breach of contract and breach of the covenant of good faith and fair dealing; and 6) promissory estoppel.

The remaining claims are not clearly pled. It is possible that they may "only incidentally affect the lending operations," 12 C.F.R. § 560.2(c), and, therefore, may not be preempted by HOLA. For this reason, it is not appropriate to dismiss those claims with prejudice. In light of Plaintiffs' request for dismissal, the court declines to reach Wells Fargo's challenge to the sufficiency of the allegations and dismisses the following claims without prejudice: intentional infliction of emotional distress; fraud; unlawful, unfair and fraudulent business practices in violation of California Business & Professions Code § 17200 *et seq.*; and elder financial abuse in violation of California Welfare and Institutions Code § 15610 *et seq.*

**IT IS SO ORDERED.**

Dated: July 13, 2012

DONNA M. RYU
United States Magistrate Judge